### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHANELLE DIONNE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-0595-CVE-MTS |
| | ) | |
| SAINT FRANCIS HOSPITAL, INC., | ) | |
| CANDICE ROBBINS, and RANDY FLATTS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is Defendants' Partial Motion to Dismiss and Brief in Support (Dkt. # 11). Defendants argue that plaintiff has not stated a claim under 42 U.S.C. § 1983, because she has not alleged that defendants violated her constitutional rights or that defendants qualify as state actors. Dkt. # 11, at 6-7. Plaintiff responds that she has alleged claims arising under federal statutes concerning disability and medical leave discrimination, and she asks the Court to deny defendants' motion to dismiss even if she has not alleged a viable § 1983 claim. Dkt. # 12, at 3. She also asks the Court to allow her to file an amended complaint if the Court determines that her §1983 claim should be dismissed, and she asks the Court to hold an "evidentiary or informal hearing" if the Court requires clarification of her claims.[1]  Id. at 5.

Plaintiff alleges that she worked at Saint Francis Hospital (Saint Francis) in Tulsa, Oklahoma, and she claims that she requested workplace accommodations on bending, pushing, and lifting that

---

[1]     Plaintiff requests an "informal" hearing to help the Court "better understand . . . [t]he factual basis of Plaintiff's claims [and] the nature of Defendants' employment relationship" with plaintiff. Dkt. # 12, at 5. At this stage of the case, the Court relies on plaintiff's complaint to rule on the pending motion to dismiss, and plaintiff's factual allegations are sufficiently clear that the Court understands the factual basis for plaintiff's claim. The Court does not find that a hearing would be necessary or helpful in ruling on defendants' motion to dismiss.

were "imposed" by her physician.  Dkt. # 1, at 4.  In June 2025, plaintiff fell at work and her symptoms worsened as a result of the fall, but she claims that Saint Francis denied her request for an accommodation.  Id. Plaintiff claims that her supervisor, Candice Robbins, in front of other coworkers, mocked her need for medically-required restroom breaks, and she was forced to undergo "training" after taking a "brief medical restroom break."  Id.  On July 19, 2025, plaintiff claims that supervisors "Celia" and "Lisa" confronted plaintiff about the condition of a room and accused plaintiff of lying about the room's condition.  Id.  Plaintiff states that she "filed FMLA" on July 20, 2025, and she claims that manager Randy Flatts told her mother two days later that plaintiff was likely to be fired.  Id.  On July 28, 2025, plaintiff alleges that she attempted to return to work with restrictions, but she was "rebuffed" and subsequently fired about two weeks later.  Id.  Plaintiff provides a list of injuries she has allegedly suffered as a result of defendants' conduct, although some of the injuries seem to be the reasons she was requesting FMLA leave rather than injuries allegedly caused by defendants.  Id. at 5.  Plaintiff filed this case using a form for asserting claims based on violations of civil rights, and she checked the box for suit against "State or local officials (a § 1983 claim)."  Id. at 3.   Plaintiff has named Saint Francis Hospital, Inc., Candice Robbins, and Randy Flatts as defendants.  She seeks back pay, actual and compensatory damages, punitive damages, and injunctive relief.  Id. at 5.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"

and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions. Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935F.2d 1106, 1109-10 (10th Cir. 1991).

In addition, pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Pro se complaints are held to less stringent standards than pleadings drafted by lawyers, and the court must construe them liberally. Haines, 404 U.S. at 520. Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements

3

of the Federal Rules of Civil Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir.1994).

Defendants argue that plaintiff has not stated a claim against them under § 1983, because she has not identified the constitutional right allegedly violated by defendants or made any allegations that defendants are state actors for the purpose of a § 1983 claim. Dkt. # 11, at 5-7. Section 1983 provides a cause of action against any "person who, under color of statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "The purpose of § 1983 is to deter state actors from using the badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

Plaintiff asks the Court to deny defendants' motion to dismiss, even though she acknowledges that she may not be able to state a § 1983 claim against defendants. Dkt. # 12, at 3-4. Plaintiff faults defendants for "narrowly" focusing on § 1983, and she contends that she has a meritorious claim against defendants based on the denial of her request for medical leave and for terminating her employment because of her disability and need for medical leave. Id. at 4. The Court has reviewed plaintiff's complaint and she has not alleged a plausible § 1983 claim against any defendant. She has not alleged that any defendant violated her federal constitutional rights, and this is an essential element of a § 1983 claim. She has also not alleged any facts suggesting that any of the defendants would qualify as a state actor. Instead, plaintiff alleges that she was denied medical leave and that defendants discriminated against because she had a disability. It appears that plaintiff actually intends to allege claims under the American with Disabilities Act or the Family and

Medical Leave Act, but she has not alleged her claims in separate counts and it is unclear if she has asserted anything other than a § 1983 claim. The Court will dismiss plaintiff's complaint in its entirety, but the Court will allow plaintiff to file an amended complaint raising more appropriate claims for her factual allegations. Plaintiff is advised that she should set out her claims in separate counts to provide notice to the opposing party and the Court as to what claims she intends to assert.

**IT IS THEREFORE ORDERED** that Defendants' Partial Motion to Dismiss and Brief in Support (Dkt. # 11) is **granted**, and plaintiff's complaint (Dkt. # 1) is dismissed for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint no later than **June 22, 2026**. Plaintiff is advised that the failure to file an amended complaint in accordance with this deadline may result in the dismissal of this case.

**DATED** this 21st day of May, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5